UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AISSATOU TAFSIR DIALLO,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-3236

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of her prolonged detention under § 1226(a). (Pet., ECF No. 1, PageID.1.) In an order entered on November 16, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on November 19, 2026, (ECF No. 4), and Petitioner filed her reply on November 24, 2026 (ECF No. 5).

## II. Relevant Factual Background

Petitioner is a citizen of Guinea who entered the United States in 2023. (Notice to Appear (NTA), ECF No. 1-12, PageID.53.) On November 6, 2025, Petitioner was taken into ICE custody. (Pet., ECF No. 1, PageID.4.) This is Petitioner's fourth habeas petition.

On January 23, 2026, Petitioner filed a § 2241 petition challenging her initial detention without a bond hearing in *Tasfir Diallo v. Raycraft et al. (Diallo I)*, No. 1:26-cv-260, (W.D. Mich.). In *Diallo I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Diallo I*, (W.D. Mich. Feb. 3, 2026), (ECF Nos. 6, 7). On February 10, 2026, Petitioner received a bond hearing pursuant to § 1226(a) at which bond was denied. (Immigration Judge Order, ECF No. 1-3, PageID.25.)

On February 21, 2026, Petitioner filed her second § 2241 petition challenging the constitutionality of her February 10, 2026, bond hearing in *Tasfir Diallo v. Raycraft et al. (Diallo II)*, No. 1:26-cv-589, (W.D. Mich.). In *Diallo II*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), at which the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days of the date of the Court's Opinion and Judgment, or, in the alternative, immediately release Petitioner from custody. Op. & J., *Diallo II*, (W.D. Mich. Mar. 9, 2026), (ECF Nos. 7, 8). On March 13, 2026, Petitioner received a bond hearing pursuant to § 1226(a) at which bond was denied. (Immigration Judge Order, ECF No. 1-4, PageID.28.)

On May 25, 2026, Petitioner filed her third § 2241 petition challenging the constitutionality of her March 13, 2026, bond hearing in *Diallo v. Raycraft et al. (Diallo III)*, No. 1:26-cv-1674, (W.D. Mich.). In *Diallo III*, the Court denied without prejudice Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 because there was no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the March 13, 2026, bond hearing. Op. & J., *Diallo III*, (W.D. Mich. June 15, 2026), (ECF Nos. 14, 15).

Petitioner filed the present action, her fourth § 2241 petition, on November 12, 2026. (ECF No. 1.)

## III. Discussion

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court on March 13, 2026. The Detroit Immigration Court denied Petitioner's request for a bond, because "[t]he government has proven by clear and convincing evidence that [Petitioner] is a flight risk." (Immigration Judge Order, ECF No. 1-4, PageID.28.) In this § 2241 petition, Petitioner "challenges [her] continued confinement that has exceeded a year and now extends into protection proceedings reopened at DHS's request, with no established endpoint. (Pet., ECF No. 1, PageID.6.) Respondent argues, *inter alia*, that the Court should dismiss Petitioner's petition because "further bond hearings will be available to [Petitioner] upon a showing of materially changed circumstances." (Resp., ECF No. 4, PageID.64.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d

at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on “correctable procedural errors” generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that “an alien’s due process challenge generally does not require exhaustion” because “the BIA lacks authority to review constitutional challenges,” but noting that an “alien must raise correctable procedural errors to the BIA”).

And, if the noncitizen believes that the circumstances have changed materially since an initial bond redetermination, the noncitizen can request a subsequent bond redetermination by submitting a written request in the Immigration Court. 8 C.F.R. § 1003.19(e). “When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused.” *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner claims that her detention has become unreasonably prolonged, Petitioner does not indicate that she has requested a subsequent bond redetermination in writing in the Immigration Court based on a material change in circumstances, such as the length of her detention, pursuant to 8 C.F.R. § 1003.19(e). Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA or before the Immigration Court, as applicable. Therefore, Petitioner has not exhausted her administrative

remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 25, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge